IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILINA A. GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. POTTER, | ) | Civil Action No. 09-0534 |
| | ) | |
| Postmaster General | ) | |
| of the United States | ) | |
| Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                June 1, 2010

This is an action alleging employment discrimination. Plaintiff, Jilina A. Gonzalez, alleges that defendant, Postmaster General of the United States Postal Service, subjected her to harassment, discrimination, and a hostile work environment on the basis of her disability, in violation of the Rehabilitation Act, 29 U.S.C. § 701, et seq. ("Rehabilitation Act") (Count I) and her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") (Count II). She also claims that defendant retaliated against her when she complained, in violation of both of these Acts (Count III). Plaintiff seeks compensatory damages as well as reasonable costs and attorneys' fees.

Before the court is defendant's motion to dismiss, or in the alternative, for summary judgment [Doc. No. 27], and

plaintiff's response thereto [Doc. No. 31], which seeks a stay of this matter pending the resolution of her most recent EEOC charge. For the reasons set forth below, defendant's motion will be granted, with prejudice, and plaintiff's request for a stay will be denied.

I. FACTUAL BACKGROUND

Solely for purposes of this memorandum, the facts as alleged by plaintiff and set forth below are accepted as true.

Plaintiff is a letter carrier at the United States Postal Office in Coraopolis, Pennsylvania. Plaintiff suffers from degenerative joint disease in both of her knees.

In May of 2008, plaintiff was involved in a motor vehicle accident while on the job. She struck a decorative retaining wall with the bumper of the postal vehicle she was operating. Plaintiff attempted to report the accident to the property owner, but no one was home. Plaintiff did not immediately report the accident to her supervisor. Instead, she completed her delivery route and reported the accident when she returned to the Coraopolis postal office.

On June 3, 2008, defendant conducted a pre-disciplinary interview of plaintiff regarding the accident. During this interview, plaintiff contends that defendant accused her of operating the postal vehicle in an unsafe manner and reprimanded her for failing to report the accident in a timely manner.

On July 8, 2008, defendant sent to plaintiff a "Proposed Notice of Removal" letter which indicated that defendant intended to terminate plaintiff because of her failure to report the accident in accordance with defendant's policies and procedures. According to plaintiff, however, defendant's intent to terminate her was based in large part on a false allegation set forth in the letter that she had been involved in another motor vehicle accident while on the job. On September 17, 2008, defendant sent to plaintiff a "Letter of Decision" which indicated that defendant intended to terminate plaintiff as of October 28, 2008.

In response to these letters, plaintiff filed a grievance with defendant's dispute resolution team, and on December 2, 2008, the team issued a written "Step B Decision" in plaintiff's favor. The Step B Decision directed defendant to rescind its July 8th and September 17th letters to plaintiff and to remove the letters and all references to them from plaintiff's employment record. Because plaintiff was never discharged, suspended, demoted, or removed from work at any time prior to the Step B Decision, reinstatement or other remedial action was not necessary.

II. PROCEDURAL HISTORY

Plaintiff filed her original complaint on May 4, 2009. On August 19, 2009, defendant moved to dismiss, or in the alternative, for summary judgment on the basis that plaintiff failed to allege

3

she suffered any adverse employment action.

The court held a status conference on November 12, 2009, during which plaintiff's counsel raised a hostile work environment claim. After acknowledging to the court that the original complaint did not set forth a hostile work environment claim, plaintiff's counsel indicated that he wanted to amend the complaint in order to do so. On January 5, 2010, plaintiff filed her first amended complaint. The amended complaint includes hostile work environment claims based not only on the 2008 letters, but also on a myriad of other circumstances, including a 2009 AWOL charge, disciplinary interviews in 2009 and 2010, pregnancy discrimination in 2009 and 2010, verbal threats and berating from supervisors, and a seven-day suspension in 2007. These allegations do not appear in the original complaint.

Moreover, plaintiff concedes that the new allegations in the amended complaint have not been administratively exhausted and are not properly before the court at this time. [See Doc. No. 31 at pp. 5, 10-12].

> [T]he new allegations of the First Amended Complaint were placed there to advise the Court of the matters currently being investigated by the EEO and are not properly before the Court as a claim in their own right. Accordingly, a discussion of the merits of the eventual hostile work environment claim would not be appropriate at this time.

[Doc. No. 31 at p. 11 n.4 (emphasis added)]. Plaintiff further explains that she included the unexhausted allegations in her amended complaint "in order to advise the Court of the content of

4

the most recent administrative complaint to demonstrate that there is more to Plaintiff's claims than simply the letters." [Id. at 3]. She admits that claims "based solely on the proposed removal and letter of decision are borderline in terms of constituting an adverse action or hostile environment on their own." [Doc. No. 31 at p. 10].

III. LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this notice pleading standard, a plaintiff must do more than recite the elements of a cause of action and then make a blanket assertion of an entitlement to relief. Instead, a plaintiff must make a factual showing of entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 550 U.S. at 556. The quantity of facts needed to

5

satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008).

In light of the United States Supreme Court's decision in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Court of Appeals for the Third Circuit has set forth a two-prong test to be applied by district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

If, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the court, the general rule is that the motion must be treated as one for summary judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Here, defendant has submitted a number of exhibits to his motion. Specifically, defendant attached the July 8th and September 17th letters and the Step B Decision, all of which plaintiff explicitly refers to and relies upon in her amended complaint and attaches to her opposition brief [Doc. No. 31]. Defendant also

6

attached a declaration authenticating these documents.[1] The court may consider these exhibits at this stage in the litigation because "document[s] integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." Id. at 1426 (emphasis and citations omitted).

IV. DISCUSSION

Defendant contends that plaintiff's claims fail for the following reasons: (1) as to the new allegations in plaintiff's amended complaint that are unrelated to the 2008 letters, plaintiff has failed to exhaust her administrative remedies; (2) the allegations of hostile work environment based only on the letters were not severe and pervasive enough to alter the conditions of plaintiff's employment and create an abusive work environment; and (3) as to the disparate treatment and retaliation claims, plaintiff cannot establish a prima facie case for discrimination or retaliation because she has failed to allege, and has not in fact suffered, any adverse employment action based on the rescinded letters.

In response, plaintiff argues the following: (1) as to the new allegations in the amended complaint, the court should stay

---

[1] To the extent that this declaration included information that did not authenticate the letters or the Step B Decision, the court did not consider it in ruling upon this motion.

this matter until the EEOC issues a final decision on her pending EEOC charge; and (2) as to her disparate treatment and retaliation claims from the original complaint, the fact that defendant, over the course of four months subjected plaintiff to a pre-disciplinary interview and issued two letters to plaintiff, which were ultimately rescinded, reprimanding her and setting an effective date for her termination, sets forth a prima facie case of discrimination and retaliation.

We find that a hostile work environment claim on facts other than the 2008 letters has not been administratively exhausted and is not cognizable. We find that the hostile work environment claim that has been administratively exhausted (based on the 2008 letters) should be dismissed for failure to state a claim. We also find that plaintiff has not alleged facts rising to the level of an adverse employment action and must dismiss the disparate treatment and retaliation claims as well. As to all claims, we find that another amendment would be futile because it is impossible to plaintiff to meet the legal standard under the facts she alleges regarding the 2008 letters.

A. Failure To Exhaust Administrative Remedies

Under both the Rehabilitation Act and Title VII, a federal employee must timely exhaust his or her administrative remedies. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (Title VII case) (citing McKart v. United States, 395 U.S.

8

185, 193 (1969)); 29 U.S.C. § 794a(a)(1) (disability discrimination claim under Rehabilitation Act incorporates procedural rules of Title VII). As such, the general rule is that a plaintiff cannot bring claims in a civil lawsuit that were not included in his or her EEOC charge. Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 787 (W.D. Pa. 2000); see Evans v. Technologies Applications & Service Co., 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint.").

Here, plaintiff admits that a hostile work environment claim based on anything other than the 2008 letters has not been exhausted. We will dismiss those claims and allegations on that basis alone.

B. Hostile Work Environment Claims

Plaintiff also alleges that the 2008 letters resulted in a hostile work environment. These allegations are ripe for review. However, we find that these allegations do not satisfy the minimum requirements for bringing a hostile work environment claim and that another amendment to the complaint would be futile.

To state a hostile work environment claim, plaintiff must allege that: (1) she suffered intentional discrimination because of her sex or disability; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) a reasonable person would have been detrimentally affected by

9

such discrimination; and (5) the existence of respondent superior liability. Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999); Walton v. Mental Health Ass'n, 168 F.3d 661, 667 (3d Cir. 1999). Consistent with the second requirement, establishing a claim for disability-based harassment requires plaintiff to allege that, inter alia, "the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment." Walton, 168 F.3d at 667.

Here, plaintiff does not meet any of these standards and another amendment would be futile in this case because under no set of circumstances could plaintiff prove that the receipt of these two rescinded letters altered the conditions of her employment and resulted in an abusive working environment.

Plaintiff has set forth no facts as to how or why defendant's rescinded decision to terminate plaintiff changed the conditions of her employment nor could she. Nor would these two letters support an allegation that the workplace is permeated with discrimination, ridicule, and insult. See Alfano v. Costello, 294 F.3d 365, 367 (2d Cir. 2002) (finding that the alleged incidents of harassment were "too few, too separate in time, and too mild" to be actionable). Plaintiff has not alleged severe and pervasive conduct on behalf of defendant. The Supreme Court has made clear that "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - an environment

10

that a reasonable person would find hostile or abusive - is beyond Title VII's purview." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citing Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)); see Walton, 168 F.3d at 667.

Moreover, the Supreme Court has instructed that all federal complaints need facts supporting a plausible claim, not just conclusory statements or suggestions of the "possibility of misconduct." Iqbal, 129 S.Ct. at 1950. We find that plaintiff's hostile work environment claims based on the rescinded letters proposing her termination and sustaining that decision do not rise to the level of plausibility sufficient to survive a motion to dismiss. Therefore, these claims must be dismissed.

C. Disparate Treatment & Retaliation Claims

Defendant contends that plaintiff's disparate treatment and retaliation claims fail because she cannot establish that defendant took any adverse employment action against her.

In order to set forth a prima facie case for disparate treatment and retaliation, plaintiff must allege that she suffered an adverse employment action. Specifically, under the Rehabilitation Act, plaintiff must allege, inter alia, that she has suffered an adverse employment action because of her disability. Buskirk v. Apollo Metals, 307 F.3d 160, 166 (3d Cir. 2002) (footnote omitted) (citing Gaul v. Lucent Techs. Inc., 134 F.3d 576, 580 (3d Cir. 1998)). Under Title VII, plaintiff must allege,

11

inter alia, that she suffered an adverse employment action despite being qualified for a position. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Jones v. School Dist. of Philadelphia, 198 F.3d 403, 410-11 (3d Cir. 1999).

As to plaintiff's retaliation claims, plaintiff must allege, inter alia, her "the employer took a "materially adverse" employment action against her subsequent to or contemporaneous with the protected activity...." Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (citation omitted).

Plaintiff claims she suffered the following adverse employment actions regarding the letters: (1) she was subjected to a pre-disciplinary interview; (2) she received a "Proposed Notice of Removal" letter which was later rescinded; and (3) she received a "Letter of Decision" that set an effective date for her termination but was rescinded prior to that date.

To set forth an adverse employment action, plaintiff must allege that defendant's conduct resulted in some material, employment-related change. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300-01 (3d Cir. 1997), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). The conduct alleged "must be serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." See Robinson, 120 F.3d at 1300 (citation omitted); see also Storey v. Burns Intern. Security Services, 390 F.3d 760, 764

12

(3d Cir. 2004) (same).

However, "not everything that makes an employee unhappy" constitutes an adverse employment action. Robinson, 120 F.3d at 1300 (citation omitted). An unenforced employment decision does not rise to the level of an actionable adverse employment action unless and until there is a "tangible change in the duties or working conditions constituting a material employment disadvantage." Walker, 102 F. Supp. 2d at 29. In other words, for an adverse employment action, there must be an allegation of a "significant change in employment status." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998) (noting that a tangible employment action in most cases inflicts direct economic harm).

Several courts have concluded that proposed or rescinded terminations do not constitute an adverse employment action. [See Doc. No. 28 at pp. 20-21]; see also Russ-Tobias v. Pennsylvania Board of Probation and Parole, No. 04-0270, 2006 WL 516771, at *25 (E.D. Pa. Mar. 2, 2006) ("[T]he rescinded transfer does not constitute an adverse employment action because ... it was rescinded before she was forced to change assignments."); McMillan v. Potter, 130 Fed. App'x 793, 797 (6th Cir. 2005) (finding the only consequence of a proposed suspension letter "is humiliation, a consequence insufficient to enable [plaintiff] to meet the adverse employment action requirement."); Walker v. Wash. Metro. Area Transit Auth., 102 F. Supp. 2d 24, 29 (D.D.C. 2000) ("It bears

13

emphasizing that [defendant] rescinded the disciplinary notice shortly after it was issued.").

Here, plaintiff argues she suffered an adverse employment action when, over the course of a four-month period, defendant subjected her to a pre-disciplinary interview, issued to her a letter reprimanding her and proposing her suspension, and sent to her a subsequent letter that set an effective date for her termination. Plaintiff acknowledges that these actions did not have any impact on plaintiff's employment status as a letter carrier for defendant, and that defendant rescinded both letters and any reference to them from plaintiff's employment file. Plaintiff admits she was not removed from work at any time. [See Doc. No. 21, ¶ 18 ("Plaintiff had not been removed from work at any time prior to the decision, so reinstatement was not required.")]. Nor was she transferred or reassigned to another position.

Based on plaintiff's allegations and relevant case law, we conclude that plaintiff has failed to sufficiently allege that she suffered an adverse employment action. Because plaintiff has not alleged that she suffered any change in her status as a letter carrier for defendant, we find that plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face" with respect to her disparate treatment claims. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 570). Nor could she meet these standards under these facts, making another amendment futile.

Therefore, plaintiff's disparate treatment claims must be dismissed.

V. CONCLUSION

Based on the foregoing analysis, pleadings of record, and the briefs filed in support and opposition to defendant's motion, the court is persuaded that plaintiff has not alleged facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 545. Accordingly, defendant's motion to dismiss will be granted. Plaintiff will not be granted leave to file a third complaint because amendment in this case would be futile. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (noting that futility is a ground for denying leave to amend a complaint).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILINA A. GONZALEZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| JOHN E. POTTER, | ) | Civil Action No. 09-0534 |
| Postmaster General of the United States Postal Service, | ) | |
| Defendant. | ) | |

ORDER

AND NOW, this 1ST day of June, 2010, upon consideration of defendant's motion to dismiss, or, in the alternative, for summary judgment [Doc. No. 21], IT IS HEREBY ORDERED that defendant's motion is GRANTED, with prejudice.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record